(No. 2889—

ILLINOIS CENTRAL RAILROAD COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1936.*

GRAHAM & GRAHAM, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On or about the 9th day of December, A. D. 1913 the Illinois Central Railroad Company and the Board of Administration of the State of Illinois (controlling the Lincoln State School and Colony) entered into a written contract covering the construction and maintenance of a certain railroad track serving the Lincoln State School and Colony at Lincoln, Illinois.

Pursuant to the terms and provisions of such contract the respondent is required to keep and maintain said track in good condition so long as it is used for the benefit or accommodation of the respondent. Such contract also provides that in case the respondent fails and neglects to maintain said track in good condition for a period of five days

after being notified of the necessity for repairs, the respondent shall be required to reimburse said claimant for all expenses so incurred, including ten per cent on labor. to cover supervision and use of tools, and fifteen per cent on material to cover freight and cost of handling.

During the months of January and February, 1935, and again in the month of May, 1935, it became necessary to make certain repairs on said tracks in order to keep the same in good condition. Such repairs were made by the claimant in accordance with the aforementioned contract and a statement of the cost thereof was rendered to the respondent. The cost of such repairs so made in January and February, 1935, as aforesaid, aggregated the sum of $352.81; and the cost of such repairs so made in the month of May, 1935, as aforesaid, aggregated the sum of $9.67.

Itemized statement of the amount due the claimant for the repairs made in January and February, 1935, as aforesaid, was presented to the respondent on April 15th, 1935. It seems that such statement was lost or mislaid, and thereafter other statements covering the amount claimed for the repairs made during January and February, 1935, as well as for the repairs made during May, 1935, were presented to the respondent. Payment was then refused on the ground that the appropriation out of which such payment should have been made had lapsed.

The claim has been checked and investigated by the acting chief clerk of the Lincoln State School and Colony and found to be correct, and no reason is suggested why the same should not be paid.

Where services have been rendered or supplies furnished to the State, and payment therefor has been refused solely on account of the lapse of the approprition out of which payment should have been made, and where the amount of the claim is not questioned, an award will be made for the amount due for such services and supplies. *Journal Printing Co.* vs. *State*, 8 C. C. R. 673; *Schreiber Lumber Co.* vs. *State*, 8 C. C. R. 381; *Rock Island Sand and Gravel Co.* vs. *State*, 8 C. C. R. 165.

Award is therefore entered in favor of the claimant for the sum of Three Hundred Sixty-two Dollars and Forty-seven Cents ($362.47).